## THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In Re:                                          Chapter 13
                                                Case No. 06-11101-DHW
ILA M. WESSON,

     Debtor.

## ORDER OVERRULING CREDITOR'S
## OBJECTION TO PLAN CONFIRMATION

Chase Auto Finance (hereinafter "Chase") filed an objection to the confirmation of the debtor's chapter 13 plan. Chase contends that the plan is proposed in bad faith and therefore, cannot be confirmed under 11 U.S.C. § 1325(a)(3).

The facts are apparently undisputed. In 2003 Chase financed the debtor's purchase of a 2003 Mitsubishi Galant. Thereafter, that vehicle was totaled in an accident. At the time of the accident, the debtor did not have insurance on the automobile.

The debtor's plan provides for Chase but as an unsecured creditor. Under the proposed plan, unsecured creditors will receive nothing.

Chase contends that the failure of the debtor to maintain insurance on its collateral coupled with its treatment as an unsecured creditor constitutes bad faith by the debtor in proposing this plan. The court disagrees.

The seminal case in this Circuit on the "good faith" confirmation requirement of §1325(a)(3) is *Kitchens v. Georgia Railroad Bank & Trust (In re Kitchens)*, 702 F. 2d 885 (11th Cir. 1983). There, while listing a number of factors to be considered, the Court of Appeals instructs that the totality of the circumstances must be considered in making good faith determinations under § 1325. *Id.* at 888-889.

There is no suggestion, much less a showing here, that the debtor acted maliciously with respect to Chase's collateral. The mere fact that the debtor failed to maintain insurance as was required under the contract, does not standing alone

constitute bad faith.  Indeed, in almost every bankruptcy case the debtor is in default with some contractual provisions.

Further, the failure of the debtor to treat the Chase claim as a secured one is not grounds to deny confirmation of her chapter 13 plan.  Indeed, as of the date of filing, the collateral was valueless.  In bankruptcy, a claim is secured only to the extent of the value of the property securing the claim.  *See* 11 U.S.C. § 506.  Hence, the debtor's plan properly treats the Chase claim as an unsecured one.

For these reasons, Chase's objection to the confirmation of the debtor's plan is OVERRULED.  The plan will be confirmed by separate order.

Done this 13 day of March, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Rafael Gill, III, Attorney for Debtor
  Kent D. McPhail, Attorney for Creditor
  Curtis C. Reding, Trustee